[S. F. No. 12174. In Bank.—July 27, 1926.]

EDWARD H. DOWELL, Petitioner, v. J. B. McLEES, County Clerk, etc., Respondent.

[1] ELECTION LAW—BOUNDARIES OF ASSEMBLY DISTRICT—LEGISLATIVE POWERS—CONSTITUTIONAL LAW.—In fixing and readjusting the boundaries of assembly districts the legislature acts pursuant to the

---

1. See 10 Cal. Jur. 42; 15 Cal. Jur. 970.

provisions of section 6 of article IV of the state constitution, and under that section, which is mandatory and prohibitory, the power to form legislative districts can be exercised but once during the period between one United States census and the succeeding one, and by the terms of that section, until the legislative power is exercised as provided therein, assemblymen shall be elected by the districts as theretofore established.

[2] ID. — CONSOLIDATION OF CITIES — ANNEXATION OF TERRITORY. — In 1891 the legislature having fixed the 79th assembly district as "all that portion of San Diego County situated within the corporate limits of the City of San Diego" and the 80th assembly district as "all that portion of San Diego county not included in the 79th assembly district," the boundaries of said districts were not changed by the consolidation, in 1923, of the cities of San Diego and East San Diego or by the annexation, in 1925, to the city of San Diego of certain theretofore unincorporated territory.

---

(1) 36 Cyc., p. 847, n. 86, p. 848, n. 88.    (2) 36 Cyc., p. 848, n. 89.

PROCEEDING in Mandamus to compel the printing of petitioner's name upon the ballots to be used in certain precincts.   Writ denied.

The facts are stated in the opinion of the court.

J. A. Isaacson and E. I. Kendall for Petitioner.

C. C. Kempley, District Attorney, for Respondent.

SHENK, J.—This is an application for a writ of mandate to compel the county clerk of San Diego County to print the name of the petitioner as a candidate of the Republican party for the office of member of the assembly, 79th assembly district, upon the ballots to be used in voting precincts numbered 35 to 44, inclusive, 95 to 105, inclusive, and 27 to 34, inclusive, within the city of San Diego, at the primary election to be held August 31, 1926.

In 1891 the legislature divided the state into legislative districts as required by section 6 of article IV of the constitution (Stats. 1891, p. 71). The 79th assembly district was therein described as "all that portion of San Diego county situated within the corporate limits of the city of San Diego" and the 80th assembly district was described as "all that portion of San Diego county not included in the 79th assembly district." Since 1891 no change in the bound-

aries of said districts has been made unless the same has been accomplished, as contended by the petitioner, by reason of the following facts:

On or about the twenty-ninth day of December, 1923, the cities of San Diego and East San Diego were consolidated under the provisions of an act to provide for the consolidation of municipal corporations (Stats. 1913, p. 577). By this consolidation proceeding all of the territory within the former city of East San Diego and now included within San Diego city precincts numbered 35 to 44, inclusive, and 95 to 105, inclusive, became a part of the city of San Diego.

On or about the eleventh day of May, 1925, certain unincorporated territory known as Normal Heights was annexed to the city of San Diego pursuant to an act providing for the annexation of unincorporated territory to municipalities. (Stats. 1913, p. 587.) By this annexation proceeding all territory now within San Diego city precincts numbered 27 to 34, inclusive, became a part of the city of San Diego.

It is the contention of the petitioner that by reason of the foregoing consolidation and annexation proceedings the boundaries of the 79th assembly district were so changed as to include the territory comprising the present San Diego precincts above named. We perceive no merit in the contention. [1] In fixing and readjusting the boundaries of assembly districts the legislature acts pursuant to the provisions of section 6 of article IV of the constitution. Under that section, which is mandatory and prohibitory, the power to form legislative districts can be exercised but once during the period between one United States census and the succeeding one (*Wheeler* v. *Herbert,* 152 Cal. 224 [92 Pac. 353], and by the terms of the section, until the legislative power is exercised as therein provided, assemblymen shall be elected by the districts as theretofore established.

In section 9 of the Annexation Act (Stats. 1913, p. 594) the legislature was at pains to provide that "nothing in this act contained shall alter or affect the boundaries of any senatorial or assembly district." There is nothing in the act which purports to affect the boundaries of any senatorial or assembly district and the terms of said section 9 must be held to mean that no proceedings taken under the act shall alter or affect the boundaries of such districts. The Con-

solidation Act of 1913 contains no similar provision, but such would be the law even in the absence of a legislative declaration to that effect. [2] We conclude, following the reasoning and conclusions in *Wheeler* v. *Herbert, supra,* that neither the consolidation nor the annexation proceedings referred to had the effect of changing the boundaries of said assembly districts.

The writ is denied.

Waste, C. J., Richards, J., Curtis, J., Tyler, J., *pro tem.,* and Finch, J., *pro tem.,* concurred.